MURRAY, Appellant,

v.

ALL AMERICAN INSURANCE COMPANY, Appellee.

[Cite as *Murray v. All Am. Ins. Co.* (1997), 121 Ohio App.3d 29.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA96–11–249.

Decided June 16, 1997.

*Baden & Jones Co., L.P.A.,* and *David H. Landis,* for appellant.

*Jenks, Surdyk & Cowdrey Co., L.P.A., Robert J. Surdyk* and *Brian L. Wildermuth,* for appellee.

KOEHLER, Judge.

Plaintiff-appellant, Michael A. Murray, appeals a grant of summary judgment in the Butler County Court of Common Pleas in favor of defendant-appellee, All America Insurance Company ("All America"). We affirm.

Appellant purchased a homeowners' insurance policy from All America which was in force from April 6, 1994 to April 6, 1997. On May 18, 1995, appellant's in-ground swimming pool was damaged by hydrostatic pressure (buoyant force) caused by heavy rains during a time when the pool was empty. Appellant filed a claim with All America under his homeowners' policy. All America denied the claim as falling outside the policy coverage.

Appellant filed a declaratory judgment action against All America, asking the court to determine that an exclusion to the policy was ambiguous and that All

America should be required to provide coverage. Both parties filed motions for summary judgment.

The trial court found the policy terms relating to appellant's loss to be clear and unambiguous. As a result, the court granted summary judgment in favor of All America and denied appellant's motion for summary judgment. Appellant raises the following assignment of error on appeal:

"The trial court erred as a matter of law in granting appellee's motion for summary judgment and in overruling [appellant's] motion for summary judgment."

Civ.R. 56(C) provides that summary judgment is proper if the trial court determines that (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 471–472, 364 N.E.2d 267, 273–274.

It is well settled that where the language of an insurance contract is reasonably open to differing interpretations, that language should be liberally construed in favor of the insured and strictly against the insurer. *Kaplysh v. Takieddine* (1988), 35 Ohio St.3d 170, 173, 519 N.E.2d 382, 384–385. Where the words of the agreement are clear and unambiguous, however, a court is "at liberty to go no further in search of an aid in its interpretation." *Id.*, citing *Rose v. New York Life Ins. Co.* (1933), 127 Ohio St. 265, 273, 187 N.E. 859, 862. Interpretation of a clear and unambiguous insurance contract is a matter of law which is subject to *de novo* review on appeal. *ALD Concrete & Grading Co. v. Chem–Masters Corp.* (1996), 111 Ohio App.3d 759, 766, 677 N.E.2d 362, 366.

Appellant argues that All America modified appellant's homeowners policy by endorsement to delete the exclusion from coverage for subsurface water damage to a swimming pool. Specifically, appellant points to page 8 of the principal policy, which lists exclusions from the Section I coverage against loss to a dwelling place, other structures, and personal property. The principal policy exclusion states as follows:

"SECTION I – EXCLUSIONS

"1. We do not insure for loss caused directly or indirectly by any of the following.

"* * *

"c. Water Damage, meaning:

"* * *

"3) Water below the surface of the ground, including water which exerts pressure on or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure."

Appellant argues that the above exclusion was deleted and replaced by the following language from page one of the All America Summit Endorsement ("endorsement"):

"ALL AMERICA SUMMIT ENDORSEMENT

"* * *

"THE FOLLOWING ADDITIONAL PROVISIONS APPLY TO SECTION I OF THIS POLICY:

"1.   Special Personal Property Coverage:

"The Perils Insured Against under Coverages A, B and C are deleted and replaced by the following:

"SECTION I – PERILS INSURED AGAINST

"We insure against risk of direct loss to property described in Coverages A, B and C, only if that loss is a physical loss to property.

"We do not insure, however, for loss:

"1.   Under Coverages A, B and C:

"* * *

"b.   Caused by:

"* * *

"2) Freezing, thawing, pressure or weight of water * * * to a:

"a) Fence, pavement, patio or swimming pool[.]"

Appellant argues that the above endorsement deleted and replaced the principal policy exclusion relating to loss from water below the surface of the ground. Appellant concludes that an ambiguity therefore exists as to whether such a loss is covered and should be resolved in appellant's favor to find coverage. Appellant's argument is entirely without merit.

The endorsement language cited by appellant does not relate to the Section I exclusions on page 8 of the principal policy. The endorsement language cited by appellant is an endorsement to the "Perils Insured Against" portion of Section I, which begins on page 6 of the principal policy. A comparison with the principal policy language of the "Perils Insured Against" section, under Coverage A, subsection (2)(b), quoted in part below, reveals language nearly identical to that of the endorsement:

"SECTION I – PERILS INSURED AGAINST

"COVERAGE A – DWELLING and COVERAGE B—OTHER STRUCTURES

"We insure against risk of direct loss to property described in Coverages A and B only if that loss is a physical loss to property. We do not insure, however, for loss:

"* * *

"2. Caused by:

"* * *

"b. Freezing, thawing, pressure or weight of water or ice, whether driven by wind or not, to a:

"1) Fence, pavement, patio or swimming pool[.]"

The exclusion language cited by appellant from page 8 of the principal policy is drawn from the policy section entitled "Section I—EXCLUSIONS." This portion of Section I is addressed on page 3 of the endorsement, which reads in its entirety as follows:

"SECTION I – EXCLUSIONS

"1.b. Earth Movement. The following paragraph is added:

"This exclusion applies only to property described in Coverages A and B.

"1.c. Water Damage. The following paragraphs are added:

"Water damage to property described in Coverage C [personal property] away from a premises or location owned, rented, occupied or controlled by an 'insured' is covered.

"Water damage to property described in Coverage C on a premises or location owned, rented, occupied or controlled by an 'insured' is excluded even if weather conditions contribute in any way to produce the loss."

It is apparent that the "Exclusions" portion of the Section I endorsement does not delete and replace any language from the Section I Exclusions of the principal policy. The endorsement merely adds two paragraphs to the Water Damage subsection which relate to personal property coverage. The principal policy language in subsection (c)(3) of the Water Damage portion of page 8's Section I Exclusions, relating to subsurface water, therefore remained in force and unchanged by the endorsement.

[5] We find the principal policy language of the Section I, subsection (c)(3) exclusion to be clear and unambiguous in excluding coverage for loss from subsurface water damage to a swimming pool. See *Kaplysh*, 35 Ohio St.3d at

173, 519 N.E.2d at 384–385. Appellant himself "concedes that the exclusion in the principal policy clearly and unambiguously excludes coverage for loss to a swimming pool caused by subsurface water." Appellant's assignment of error is overruled. The trial court correctly found as a matter of law that appellant's loss was excluded from coverage under appellant's homeowners' policy with All America. See *Temple v. Wean United*, 50 Ohio St.2d at 327, 4 O.O.3d at 471–472, 364 N.E.2d at 273–274.

*Judgment affirmed.*

WILLIAM W. YOUNG, P.J., and WALSH, J., concur.