DECISION AND JOURNAL ENTRY
{¶ 1} Appellants, Raymond Grant and his wife Linda Grant, have appealed from a decision of the Summit County Court of Common Pleas that granted summary judgment in favor of Appellees, C.N.A. National Fire Insurance Company of Hartford ("National Fire") and National Union Fire Insurance Company of Pittsburgh ("National Union"). This Court affirms and remands.
 I. {¶ 2} On December 20, 1999, Raymond was injured when the vehicle he was operating was struck by a vehicle driven by Margot Graening. Appellants eventually settled their claims against Graening for $100,000, the policy limit of her automobile liability insurance. Appellants also settled with their own personal insurance carrier.
 {¶ 3} On the date of the collision, Raymond was employed by both Akron Foundry Company, Inc. ("Akron Foundry"), and OneSource Management, Inc. ("OneSource"). Akron Foundry maintained a business auto liability policy and a commercial general liability ("CGL") policy issued by National Fire. OneSource maintained a business auto liability policy and a CGL policy issued by National Union, pursuant to a "risk management program." It is undisputed that, at the time of the accident, Raymond was not in the course and scope of his employment with either Akron Foundry or Onesource.
 {¶ 4} On December 17, 2001, Appellants filed a complaint with the Summit County Court of Common Pleas, seeking, among other things not relevant to this appeal, declarations that they are entitled to underinsured motorist ("UIM") coverage under the policies issued to Raymond's employers by National Union and National Fire. Appellants asserted that they qualify as insureds under these policies pursuant toScott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999), 85 Ohio St.3d 660.
 {¶ 5} Appellants also sought a declaration of the "nature and extent of reimbursement or subrogation rights, if any," possessed by Raymond's medical insurer, Appellee Anthem Blue Cross and Blue Shield ("Anthem"). Anthem, in turn, filed cross claims against National Union and National Fire, asserting its subrogation rights.
 {¶ 6} National Union and National Fire both filed motions for summary judgment. The trial court granted both motions on April 16, 2003. Only one of the four policies at issue, the National Fire business auto policy, provides UIM coverage by its terms. The court determined that this policy's definition of the insured was not ambiguous and therefore not open to the interpretation that the Grants were insured. The remaining policies do not provide UIM coverage by their terms. Appellants maintained, however, that the policies contain such coverage by operation of law, pursuant to the applicable version of R.C. 3937.18.[1]
The trial court disagreed, finding that none of the three policies are subject to the mandatory UM/UIM offer provision of former R.C. 3937.18. Specifically, the trial court determined that the National Fire CGL policy is not a motor vehicle liability insurance policy, and that the National Union policies revealed that OneSource, the named insured, was self-insured in the practical sense.
 {¶ 7} The Grants have appealed, asserting two assignments of error. National Union has filed a cross-appeal, defending the trial court's entry of summary judgment on grounds upon which it did not rely in entering summary judgment, pursuant to App.R. 3(C)(2).
 II. First Assignment of Error
"The trial court erred in granting the motion for summary judgment of National Union."
 {¶ 8} In their first assignment of error, Appellants challenge the trial court's grant of summary judgment to National Union, addressing the self-insurance grounds relied upon by the trial court in its decision. We affirm the decision of the trial court, albeit for reasons other than those relied upon by the trial court. See Joyce v. Gen. Motors Corp.
(1990), 49 Ohio St.3d 93, 96. Specifically, we find that Appellants were not insured by the National Union policies at issue.
 {¶ 9} Appellants' claims of coverage under the policies issued by National Union are premised upon the reasoning of Scott-Pontzer v.Liberty Mutual Fire Ins. Co. (1999), 85 Ohio St.3d 660. On November 5, 2003, after the trial court granted summary judgment to National Fire and National Union, the Ohio Supreme Court significantly limited its holding in Scott-Pontzer. See Westfield Ins. Co. v. Galatis (2003),100 Ohio St.3d 216, 2003-Ohio-5849. In Galatis, at paragraph two of the syllabus, the Court held that:
"Absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment."
 {¶ 10} The Court further held that where a policy designates a corporation as a named insured, the designation of "family members" of the named insured does not extend coverage to a family member of an employee of the corporation, unless that employee is also a named insured, overruling Ezawa v. Yasuda Fire Marine Ins. Co. of Am.
(1999), 86 Ohio St.3d 557. Galatis, 100 Ohio St.3d, at paragraph three of the syllabus.
 {¶ 11} The National Union policies designate OneSource Holdings Inc., a corporation, along with those organizations in which OneSource has certain interests, as the named insureds. Raymond, an employee of OneSource, is not a named insured. Therefore, Linda is not insured by the OneSource policies as Raymond's family member. Furthermore, as the policy does not contain "specific language" granting coverage to OneSource employees, in order for Raymond to be insured under the policies, he must have been acting in the course and scope of employment with OneSource at the time of the accident. As the trial court found and our own review of the record and briefs confirms, it is undisputed that Raymond was not in the course and scope of his employment with OneSource at the time of the accident. Therefore, Raymond is not insured by the policies issued to OneSource by National Union.
 {¶ 12} Because R.C. 3937.18 requires only that UM/UIM coverage be offered to those "insured" under the policy, "[i]f we find [the plaintiff] was not an insured under the policies, then our inquiry is at an end." Scott-Pontzer, 85 Ohio St.3d at 662. If a party does not qualify as an insured under the underlying policy, then that party is not entitled to UM/UIM coverage which might be part of that policy by operation of law. Therefore, the trial court's grant of summary judgment in favor of National Union is correct. Appellants' first assignment of error is overruled.
 Second Assignment of Error
"The lower court erred in granting C.N.A./National [fire]'s motion for summary judgment as to the Business Auto Policy."
 {¶ 13} In their second assignment of error, Appellants challenge the trial court's grant of summary judgment to National Fire, with respect to the business auto policy only. On the authority of Galatis, we agree with the trial court's determination that Appellants are not insured by this policy.
 {¶ 14} The National Fire business auto policy designates the following as named insureds: Akron Foundry Company, Inc.; Akron Electric, Inc.; George Ostich; Gerry M. Ostich; and GGO Properties, Ltd. Raymond Grant is not listed as a named insured. The policy does not contain specific language providing that Akron Foundry employees are insured. As the trial court found, and our own review of the record and briefs confirms, it is undisputed that Raymond was not acting within the course and scope of his employment with Akron Foundry at the time of the accident.
 {¶ 15} Therefore, pursuant to Galatis, as explained above, we find that the Grants were not insured by the National Fire business auto policy, and that the grant of summary judgment in favor of National Fire is correct. The Appellants' second assignment of error is overruled.
 III. {¶ 16} Both of Appellants' assignments of error are overruled. Given this Court's resolution of Appellants' assignment of error, Appellee National Union's cross appeal is rendered moot. See App.R. 12(A)(1)(c). The judgment of the Summit County Court of Common Pleas is affirmed. The cause is remanded for further proceedings to resolve the remaining claims by and against Anthem Blue Cross and Blue Shield.
Judgment affirmed, and cause remanded.
Slaby, P.J. and Whitmore, J., concur.
[1] "For the purpose of determining the scope of coverage of an underinsured motorist claim, the statutory law in effect at the time of entering into a contract for automobile liability insurance controls the rights and duties of the contracting parties." Ross v. Farmers Ins. Groupof Cos. (1998), 82 Ohio St.3d 281, syllabus. The effective date of the National Fire CGL policy was September 27, 1999; both of the National Union policies were effective as of June 30, 1999. Therefore, the version of R.C. 3937.18 which was in effect on both of those dates applies to this case.