OPINION
{¶ 1} These appeals and cross-appeals challenge a series of summary judgment decisions relating to uninsured/underinsured ("UM/UIM") motorist insurance benefits. Lawrence J. Caffro, II, ("Lawrence Caffro") was riding his motorcycle and was struck by an automobile driven by Eric L. Moore. Lawrence Caffro died as a result of the accident. The employers of the victim and of both of his parents had insurance policies, and the plaintiffs attempted to collect UM/UIM benefits under those policies based on the holding of Scott-Pontzer v. Liberty Mut. Fire Ins., Co.
(1999), 85 Ohio St.3d 660, 710 N.E.2d 1116. The parties agree that Lawrence Caffro was not acting in the course and scope of employment at the time of accident, and under the recent holding of Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5849, 797 N.E.2d 1256, judgment should have been rendered in favor of the insurance companies. As we will explain in more detail below, the trial court judgment entries are hereby reversed in part and affirmed in part in conformity withGalatis.
 FACTS AND PROCEDURAL MATTERS {¶ 2} The accident occurred on May 11, 1999. At the time, Lawrence Caffro was employed by Akron General Health System Health Network ("Akron Health"), which owned two insurance policies issued by Hartford Casualty Insurance Co. ("Hartford"). The victim's father, Lawrence J. Caffro, Sr. ("Mr. Caffro, Sr.") was employed at the time by Ashland City School District ("Ashland Schools"), which owned insurance policies issued by Coregis Insurance Co. ("Coregis") and by Nationwide Agribusiness Insurance Co. ("Nationwide"). The victim's sister, Tamara Caffro, was employed by USX Corporation ("USX"), which owned an insurance policy issued by Pacific Employers Insurance Company ("Pacific"), formerly known as Ace Indemnity Insurance Company. Although there are other insurance companies and claims pending before the trial court in this case, this appeal is limited to the aforementioned parties.
 {¶ 3} On May 10, 2001, the Caffros, including the estate of Lawrence Caffro, filed a declaratory judgment complaint in the Columbiana County Court of Common Pleas. The complaint was amended a number of times. Eventually, a total of nine insurance companies have been brought into this case. Four of these insurance companies are involved in this appeal, encompassing five different insurance policies. The following is a summary of the relevant insurance policies and their relationship to the decedent:
1. Hartford: Akron Health policy 45 UEN CU0364 (Victim's employer)
2. Hartford: Akron Health umbrella policy 45 HHU CT6549 (Victim's employer)
3. Nationwide: Ashland Schools policy BAP-CA0005376 (Father's employer)
4. Coregis: Akron Schools umbrella policy 503-165077 (Father's employer)
5. Pacific: USX policy SRL706 (Sister's employer)
 {¶ 4} On June 6, 2003, the trial court issued a series of judgment entries ruling on motions for summary judgment which had previously been filed by each of the insurance companies and by the Caffros. Each judgment entry dealt with a single insurance company, and each contains the language required by Civ.R. 54(B) enabling the parties to immediately appeal the judgments.
 {¶ 5} The first judgment entry deals with the policy issued by Nationwide to Ashland Schools, which is Mr. Caffro, Sr.'s employer. The court held, inter alia, that the holding ofScott-Pontzer and the requirements of the UM/UIM statute, R.C. § 3937.18, apply to school districts. The court held that Mr. Caffro, Sr., as an employee of the Ashland Schools, was covered by their insurance policy, and through the holding ofScott-Pontzer, so was Mr. Caffro's son. Nationwide is appealing this judgment. The judgment entry also ruled on three other insurance policies that are not the subject of this appeal.
 {¶ 6} The second judgment entry deals with the policy issued by Coregis to Ashland Schools (mistakenly referred to as "Akron City School District" in the judgment entry). The court held that the umbrella policy owned by Ashland Schools contained a provision that limited its application to employees acting in the scope of employment. The court held that Mr. Caffro, Sr., was covered by the policy in some circumstances, but that it could only apply if the claim involved activities in the scope of employment. The court held that Lawrence Caffro was not covered by the policy. The Caffros are appealing this judgment.
 {¶ 7} The third judgment entry deals with the policy issued by Pacific to USX, which is Tamara Caffro's employer. As we mentioned earlier, Tamara is the decedent's sister. The court held that Ohio law governs the UM/UIM coverage provisions of the insurance contract, even though the contract was negotiated in Pennsylvania and even though Tamara Caffro lives there. The court held that, under Ohio law, the policy was a self-insurance policy because the policy deductible equaled the maximum liability of the policy. The court held that the requirements of R.C. §3937.18 do not apply to self-insurance, and therefore, there was no UM/UIM coverage under this policy. The Caffros are appealing this judgment.
 {¶ 8} The fourth judgment entry deals with the two policies issued by Hartford to Akron Health, the victim's employer. The first policy contained business automobile coverage along with UM/UIM coverage, and the second policy was an umbrella policy. The court held that the statute of limitations for filing a negligence action had not expired based on R.C. § 2305.15(B), which tolls some statutes of limitations when the tortfeasor is incarcerated. The court held that Hartford was not harmed by the failure of the Caffros to give timely notice of the claim. The court held that Lawrence Caffro was covered by both policies. Hartford is appealing this judgment.
 {¶ 9} On June 24, 2003, the Caffros filed an appeal of the Coregis judgment entry. On June 25, 2003, the Caffros filed an appeal of the Pacific judgment entry. On June 30, 2003, Hartford filed an appeal of the Hartford judgment entry. On July 2, 2003, Nationwide filed an appeal of the Nationwide judgment entry. All four appeals are filed under Appeal No. 03 CO 38.
 SUMMARY JUDGMENT STANDARD {¶ 10} This appeal involves the trial court's determination of a number of motions for summary judgment. Appellate review of summary judgment is de novo. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105, 671 N.E.2d 241. In accordance with Civ.R. 56, summary judgment is appropriate:
 {¶ 11} "[W]hen (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Horton v. Harwick Chem. Corp. (1995),73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264, 273-274."Zivich v. Mentor Soccer Club (1998), 82 Ohio St.3d 367,369-370, 696 N.E.2d 201.
 THE COREGIS JUDGMENT ENTRY {¶ 12} The Caffros argue that Coregis was required to offer UM/UIM coverage in its umbrella policy to Ashland City School Dist. Coregis did not make such an offer, and the Caffros contend that UM/UIM coverage arises as a matter of law pursuant to former R.C. § 3937.18. Coregis argues that its umbrella policy does not contain the ambiguities that were present in the policies under review in Scott-Pontzer, and therefore, Lawrence Caffro could not be a Scott-Pontzer insured under the policy. Coregis also argues that the policy contains a scope of employment provision that precludes coverage.
 {¶ 13} Scott-Pontzer held that UM/UIM coverage arose as a matter of law under a corporate umbrella automobile policy because the insurer failed to offer UM/UIM coverage as required by former R.C. § 3937.18. Id. at 665. Galatis overruledScott-Pontzer and held that:
 {¶ 14} "Absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment. Additionally, where a policy of insurance designates a corporation as a named insured, the designation of `family members' of the named insured as `other insureds' does not extend insurance coverage to a family member of an employee of the corporation, unless that employee is also a named insured." Id.,100 Ohio St.3d 216, 2003-Ohio-5849,797 N.E.2d 1256, at ¶ 62.
 {¶ 15} Mr. Caffro, Sr., is not a named insured on the Coregis policy, and therefore, the decedent Lawrence Caffro cannot claim coverage under the policy as a family member.
 {¶ 16} The Coregis umbrella policy did not contain UM/UIM coverage, and therefore, the Caffros only means of obtaining UM/UIM coverage under the policy is if such coverage is imposed as a matter of law. Galatis did not specifically rule on whether there is a "course and scope of employment" requirement when a party attempts to receive UM/UIM coverage due to a failure of the insurer to follow the offer/acceptance provisions of former R.C. § 3937.18. Many appellate courts have already ruled that, under Galatis, UM/UIM coverage cannot arise as a matter of law for a failure to follow the offer/acceptance provisions of former R.C. § 3937.18 unless the accident occurred in the course and scope of employment. See Sweeney v. National Union Fire Ins.Co., 2004-Ohio-6286, 8th Dist. No. 82143; Bogan v. Johnson,
2004-Ohio-422, 12th Dist. No. CA2003-04-010; Grant v. Graening,
2003-Ohio-7205, 9th Dist. No. 21564; Lutterbein v. Gonzales,
2003-Ohio-6286, 3rd Dist. No. 1-03-01. The Ohio Supreme Court implicitly approved of this reasoning when it summarily appliedGalatis in reversing the case of Morrison v. Emerson,
2003-Ohio-2708, 5th Dist. No. 2002CA00414. In Morrison, the Fifth District Court of Appeals had held that there was UM/UIM coverage as a matter of law under an umbrella insurance policy, even though the accident did not occur in the course and scope of employment. Morrison at ¶ 19-21. Morrison was reversed by Inre Uninsured and Underinsured Motorist Coverage Cases,100 Ohio St.3d 302, 2003-Ohio-5888, 798 N.E.2d 1077.
 {¶ 17} Based on the two reasons outlined above, the Caffros are not covered by the Coregis umbrella policy. The judgment of the trial court is affirmed with respect to the Coregis policy.
 THE NATIONWIDE JUDGMENT ENTRY {¶ 18} Nationwide argues that an automobile insurance policy that is issued to a school board is not subject to the holding of the Scott-Pontzer case. Whether or not this is true, we recognize that the Ohio Supreme Court has applied the Galatis
holdings to these types of policies. See Allen v. Johnson,100 Ohio St.3d 276, 2003-Ohio-5889, 798 N.E.2d 591. In the instant case, Mr. Caffro, Sr., was an employee of the Ashland Schools at the time of Lawrence Caffro's accident. For Lawrence Caffro to be covered by the Nationwide policy issued to his father's employer, Mr. Caffro, Sr., must be a named insured on the policy.Galatis, supra, at ¶ 62. It is clear that Mr. Caffro, Sr., was not a named insured on the Nationwide policy, and therefore, Lawrence Caffro was not covered by the policy as a family member. The judgment of the trial court is reversed with respect to the Nationwide policy.
 THE PACIFIC JUDGMENT ENTRY {¶ 19} The Caffros argue that the Pacific policy issued to USX was not a self-insurance policy and was subject to the requirements of R.C. § 3937.18. The Caffros also contend that Ohio law applies to the Pacific policy. Assuming arguendo that this is true, the Ohio Supreme Court held in Grange Mut. Cas.Co. v. Refiners Transport Terminal Corp. (1986),21 Ohio St.3d 47, 21 OBR 331, 487 N.E.2d 310, that the mandatory offer and rejection provisions of R.C. § 3937.18 do not apply to self-insurers. Self-insurance is, "[t]he practice of setting aside a fund to meet losses instead of insuring against such through insurance." Black's Law Dictionary (6th Ed. 1990) 1360. This Court has also held that R.C. § 3937.18 does not apply to self-insurers "in the practical sense," referring to an insurance arrangement in which the liability limits of a policy equal the deductible that the insured is responsible for paying. Dorsey v.Federal Ins. Co., 154 Ohio App.3d 568, 2003-Ohio-5144,798 N.E.2d 47, at ¶ 22.
 {¶ 20} Even if the Pacific policy does not constitute self-insurance in the practical sense, Lawrence Caffro would not be covered. His only means of claiming UM coverage on an automobile policy issued to his sister's employer would be through the holding of Scott-Pontzer. Under Galatis, a relative of an employee cannot claim UM coverage under a corporate automobile policy unless the employee is a named insured. Galatis at ¶ 62. Unquestionably, Tamara Caffro is not a named insured on the Pacific policy issued to USX. Therefore, Lawrence Caffro cannot claim UM coverage as a family member related to Tamara Caffro. For these reasons, the judgment of trial court is affirmed with respect to the Pacific policy.
 {¶ 21} It is not necessary to resolve whether Pennsylvania law might govern the Pacific policy, but the result would be the same under Pennsylvania law, which has no judicial rule comparable to Scott-Pontzer. See Hunyady v. Aetna Life Cas.
(2002), 530 Pa. 25, 606 A.2d 897.
 THE HARTFORD JUDGMENT ENTRY {¶ 22} Hartford presents six issues for review under one assignment of error. The first subissue is whether Lawrence Caffro is an insured under the Hartford policies. The Caffros have claimed coverage under Scott-Pontzer, because Lawrence Caffro was an employee of a company that was issued a corporate automobile insurance policy by Hartford. Galatis overruledScott-Pontzer and held that an employee is not covered by the UM/UIM provisions of a corporate automobile insurance policy unless the employee was acting in the course and scope of employment at the time of the accident. Galatis at paragraph two of the syllabus. Lawrence Caffro was not acting in the course and scope of his employment with Akron General Health at the time of the accident, and therefore, he cannot claim UM/UIM coverage under the Hartford policy. The judgment of the trial court is reversed with respect to the Hartford policy.
 CONCLUSIONS {¶ 23} Galatis resolves all issues in this appeal. Lawrence Caffro was not acting in the course and scope of employment at the time of the accident and cannot claim coverage under any of the business automobile policies under review in this appeal. The judgment of the trial court is affirmed with respect to the Coregis and Pacific judgment entries, and reversed with respect to the Nationwide and Hartford judgment entries, all of which were filed by the Columbiana County Court of Common Pleas on June 6, 2003. Summary judgment as to the coverage issue is entered in favor of Nationwide and Hartford. The case is remanded for further proceedings with respect to the remaining parties and claims which remain pending before the trial court.
Vukovich, J., concurs.
DeGenaro, J., concurs.