OPINION
{¶ 1} Plaintiffs-appellants, Michael Bogan, Lora Bogan, Chris Bogan, Amanda Bogan, Bethany Bogan, and Erin Bogan, appeal the decision of the Clinton County Court of Common Pleas granting the summary judgment motions of defendants-appellees, Royal Insurance Company of America ("Royal"), Great American Insurance Company ("Great American"), and Cincinnati Insurance Company ("Cincinnati Insurance"). For the reasons that follow, we affirm the common pleas court's decision.
 {¶ 2} In March 1999, Michael Bogan was involved in an automobile accident in which he sustained serious injuries. At the time of the accident, Mr. Bogan was employed as a regional director by the American Cancer Society ("ACS"). When the accident occurred, Mr. Bogan was driving his own vehicle and was not operating within the scope of his employment. ACS had a commercial auto insurance policy and a general liability insurance policy with Royal. ACS also had an "umbrella" liability insurance policy with Great American.
 {¶ 3} At the time of the accident, Mr. Bogan's wife, Lora Bogan, was employed by Miami Valley Hospital ("MVH"). MVH had a commercial auto insurance policy with Cincinnati Insurance.
 {¶ 4} Michael and Lora Bogan, together with their children, Chris, Amanda, Bethany and Erin, sued the driver of the other vehicle in the accident, Dustin Johnson. They also sued Mr. Bogan's insurance carrier, Nationwide Mutual Fire Insurance Company, for underinsured motorist coverage. Further, appellants sued Royal, Great American, and Cincinnati Insurance under their above-described policies with ACS and MVH. In those suits, appellants sought underinsured motorist benefits based upon the theory outlined in Scott-Pontzer v. Liberty Mut. Fire Ins. Co.,85 Ohio St.3d 660, 1999-Ohio-292.
 {¶ 5} Royal, Great American, and Cincinnati Insurance filed motions for summary judgment with the common pleas court, which the court granted in March 2003. With respect to Royal's commercial auto policy with ACS, the court determined thatScott-Pontzer was inapplicable. The court determined that because the state of Georgia had the most significant relationship with the contracting parties, Georgia law applied rather than Ohio law.
 {¶ 6} The court further found that Mr. Bogan was not entitled to coverage under Royal's general liability policy with ACS because the policy was not an automobile policy. The court also found that the general liability policy's language limited coverage to employees operating within the scope of their employment.
 {¶ 7} The court further found that Mr. Bogan was not entitled to coverage under Great American's umbrella liability policy with ACS. The court reasoned that because it found no coverage for Mr. Bogan under Royal's commercial auto and general liability policies with ACS, Great American's umbrella policy with ACS did not provide coverage. The court also determined that the policy's language did not provide coverage to employees operating outside the scope of their employment.
 {¶ 8} With respect to Cincinnati Insurance's commercial auto policy with MVH, the court found that Mr. Bogan was not entitled to coverage because he was not operating a "covered auto" at the time of the accident.
 {¶ 9} Appellants now appeal the common pleas court's decision, assigning four errors. We will address appellants' first, second, and fourth assignments of error together.
 {¶ 10} Assignment of Error No. 1:
 {¶ 11} "The trial court erred in granting summary judgment to appellee Royal Insurance Company with respect to its Commercial Automobile Policy Issued to the American Cancer Society."
 {¶ 12} Assignment of Error No. 2:
 {¶ 13} "The trial court erred in granting summary judgment to appellee Royal Insurance Company with respect to its General Liability Policy Issued to the American Cancer Society."
 {¶ 14} Assignment of Error No. 4:
 {¶ 15} "The trial court erred in granting summary judgment to Great American Insurance Company with respect to its Umbrella Policy Issued to the American Cancer Society."
 {¶ 16} In the above assignments of error, appellants argue that Mr. Bogan is entitled to coverage under Royal's commercial auto policy with ACS, Royal's general liability policy with ACS, and Great American's umbrella policy with ACS.
 {¶ 17} Civ.R. 56(C) provides that summary judgment shall be rendered where (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to only one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Harless v. WillisDay Warehousing Co. (1978), 54 Ohio St.2d 64, 66. An appellate court's standard of review on appeal from summary judgment is de novo. Burgess v. Tackas (1998), 125 Ohio App.3d 294, 296.
 {¶ 18} After appellants filed their appeal in this case, the Ohio Supreme Court issued Westfield Ins. Co. v. Galatis,100 Ohio St.3d 216, 2003-Ohio-5849. In that case, the court held the following:
 {¶ 19} "Absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment." Id., at paragraph two of the syllabus.
 {¶ 20} Royal's commercial auto policy, Royal's general liability policy, and Great American's umbrella policy all name ACS as the sole insured. It is also clear from the record that Mr. Bogan was not operating within the scope of his employment at the time of the accident. Further, we find no language in these policies otherwise providing coverage to Mr. Bogan under these circumstances. In fact, Royal's general liability policy and Great American's umbrella policy specifically state that employees not operating within the scope of their employment are not entitled to coverage. Therefore, Mr. Bogan is not entitled to coverage under Royal's commercial auto policy, Royal's general liability policy, and Great American's umbrella policy.
 {¶ 21} Further, we reject appellants' argument that Galatis
does not apply in situations where uninsured/underinsured motorist coverage arises by operation of law. The Galatis
opinion expresses no such limitation. Additionally, the Ohio Supreme Court has reversed several cases on the authority ofGalatis in which courts of appeals found that uninsured/underinsured motorist coverage arose by operation of law. See In re Uninsured Underinsured Motorist CoverageCases, 100 Ohio St.3d 302, 2003-Ohio-5888.
 {¶ 22} Accordingly, we overrule appellants' first, second, and fourth assignments of error under the authority of Galatis.
 {¶ 23} Assignment of Error No. 3:
 {¶ 24} "The trial court erred in granting summary judgment to Cincinati Insurance Company with respect to its Commercial Automobile Policy Issued to Miami Valley Hospital."
 {¶ 25} In this assignment of error, appellants argue that Mr. Bogan is entitled to coverage under Cincinnati Insurance's commercial auto policy with MVH due to Lora Bogan's employment at MVH and Mr. Bogan's familial relationship to her.
 {¶ 26} The Ohio Supreme Court recently held in Galatis as follows:
 {¶ 27} "Where a policy of insurance designates a corporation as a named insured, the designation of `family members' of the named insured as other insureds does not extend insurance coverage to a family member of an employee of the corporation, unless that employee is also a named insured." Galatis,100 Ohio St.3d 216, 2003-Ohio-5849, at paragraph three of the syllabus.
 {¶ 28} The Cincinnati Insurance policy does not list Lora Bogan as a named insured. Further, we find no language in the policy otherwise providing coverage to family members of employees under the circumstances in this case. Therefore, Mr. Bogan, as a family member of Lora Bogan, is not entitled to coverage under the policy. Accordingly, appellants' third assignment of error is overruled on the authority of Galatis.
 CROSS-APPEAL {¶ 29} Royal assigns one error on cross-appeal, arguing that the common pleas court erred in determining that Mr. Bogan and his family members are insureds under Royal's commercial auto policy with ACS. Based on our resolution of appellants' first assignment of error, we find Royal's cross-assignment of error to be moot. See App.R. 12(A)(1)(c).
 {¶ 30} Based on the foregoing, the common pleas court did not err in granting the summary judgment motions of Royal, Great American, and Cincinnati Insurance.
 {¶ 31} Judgment affirmed.
Walsh and Valen, JJ., concur.