DECISION AND JUDGMENT ENTRY
{¶ 1} This accelerated case comes before the court on appeal from the Lucas County Court of Common Pleas wherein summary judgment was granted to appellee, American Casualty Company ("American Casualty"). For the following reasons, we affirm the judgment of the trial court.
 {¶ 2} On July 24, 1997, appellant, Loretta J. Courtney, was injured in an automobile accident, in Portage Township, Ohio, caused by the negligence of Jay R. Grossman. At the time of the accident, appellant was employed by the Toledo Clinic, in Lucas County, Ohio. After exhausting Grossman's policy limits for her injuries, appellant filed a declaratory judgment action seeking coverage from her employer's insurance carrier, American Casualty. Citing the Ohio Supreme Court case of Westfield v.Galatis, 100 Ohio St.3d 216, 2003 Ohio 5849, American Casualty filed a motion for summary judgment which was granted on March 9, 2004. Appellant now appeals setting forth the following assignment of error:
 {¶ 3} "The trial court erred in granting summary judgment to defendant American Casualty of Reading, PA."
 {¶ 4} Civ.R. 56(C) provides that summary judgment can be granted only if (1) no genuine issue of material fact remains to be litigated; (2) it appears from the evidence that reasonable minds can reach but one conclusion and that conclusion is adverse to the nonmoving party; and (3) the moving party is entitled to summary judgment as a matter of law. Temple v. Wean United,Inc. (1977), 50 Ohio St.2d 317, 327. In reviewing a ruling on a motion for summary judgment, this court must apply the same standard as the trial court. Lorain Natl. Bank v. SaratogaApts. (1989), 61 Ohio App.3d 127, 129.
 {¶ 5} In Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216,2003 Ohio 5849, the Ohio Supreme Court stated that "absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment." Id. at paragraph two of the syllabus.
 {¶ 6} In the present case, it is undisputed that appellant was not within the course and scope of her employment when she was injured. Appellant contends, however, that the facts of this case can be distinguished from Galatis in that her uninsured/underinsured motorist's coverage arose by operation of law. As the Twelfth District Court of Appeals recognized inBogan v. Johnson, 12th Dist. No. CA2003-04-010, 2004 Ohio 422, "[T]he Galatis opinion expresses no such limitation." We agree with the conclusion of the Twelfth District Court of Appeals and accordingly find appellant's sole assignment of error not well-taken.
 {¶ 7} On consideration whereof, the court finds that substantial justice has been done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Costs assessed to appellant pursuant to App.R. 24.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J., Lanzinger, J., Singer, J., Concur.