Motorists Mutual Ins. Co., Appellant, v. The Lumbermens Mutual Ins. Co., Appellee.

[Cite as Motorists Mutual Ins. Co. v. Lumbermens Mutual Ins. Co., 1 Ohio St. 2d 105.]

(No. 38655—Decided March 3, 1965.)

Messrs. *Sebastian, Fais & Durst* and Mr. *Arthur Sebastian,* for appellant.

Messrs. *Hamilton & Kramer* and Mr. *Don Hamilton,* for appellee.

Brown, J. This action is for a judgment declaring coverages under two standard automobile insurance policies, one issued by Motorists Mutual Insurance Company to Walter J. Braun, the other issued by The Lumbermens Mutual Insurance Company to Joan Bailey.

On October 31, 1959, while both policies were in effect, Braun injured a third person while driving Bailey's car with her permission. It is admitted that under standard clauses contained in each of these policies, both policies cover the claim of the

injured person. The question to be answered is whether the coverage of either is as to the excess only or whether under the policies it is the duty of the two companies involved to prorate any loss for which Braun is liable. Each policy states that under certain circumstances its coverage is "excess" to other valid and collectible insurance.

The Motorists policy states that the insurance afforded by the policy with respect to "any other automobile" when driven by the named insured "shall be excess insurance over any other valid and collectible insurance available to the insured or owner of such other automobile." Since Braun was driving an "other automobile" this excess provision is effective if Bailey's policy is "other valid and collectible insurance."

The Lumbermens policy provides that, with respect to the "owned automobile," a person driving with the permission of the named insured is an "insured," and that other insurance available to the insured with respect to a nonowned automobile shall be excess over any other valid and collectible insurance, and defines a "nonowned" automobile as an automobile "not owned by or furnished for the regular use of either the named insured or any relative * * *." Since Bailey's automobile, driven by Braun at the time of the accident, did not fall into this "nonowned" category by policy terms, the excess provision of Lumbermens policy does not apply. Thus, insurance under Lumbermens policy is valid and collectible insurance available to Braun.

Briefly stated, when the two insurance policies are properly read, Lumbermens' excess clause does not apply to this case, and there is no conflict with the excess clause appearing in the Motorist policy which clearly does apply.

The situation remaining is one in which the "excess provision" of the driver's policy (Motorists) must be considered as it relates to the "prorata" provision of the "owner's" policy (Lumbermens). This relationship has been considered and the problem therein resolved by this court in *Trinity Universal Ins. Co.* v. *General Accident, Fire & Life Assur. Corp., Ltd.,* 138 Ohio St. 488. It was there decided that the owner's policy is primary and the driver's policy is excess only.

Of interest is the following from an article on the subject

by Henry E. Barksdale, Conflicting Decisions on Primary and Excess Coverage under Automobile Liability Policies, Insurance Counsel Journal, January 1965, page 158:

"The rule of thumb that insurance on the car is primary—that on the driver is excess has been long recognized by most insurance companies. To use a shorter term—insurance follows the car."

This interpretation of these policies is supported by the following: 8 Appleman on Insurance Law and Practice, 400 to 402, Section 4914; *Mountain States Mutual Casualty Co.* v. *American Casualty Co.*, 135 Mont. 475, 342 P. 2d 748; *Turpin* v. *Standard Reliance Ins. Co.*, 169 Neb. 233, 99 N. W. 2d 26; *American Universal Ins. Co.* v. *Dykhouse, Admr.*, 219 F. Supp. 62; and *American Automobile Ins. Co.* v. *Republic Indemnity Co. of America*, 52 Cal. 2d 507, 341 P. 2d 675, wherein it is stated at page 512:

"The 'other insurance' clause in American's policy is identical with that contained in the 'National Standard Automobile Policy,' used by the great majority of casualty insurers in the United States. * * * That policy as well as the policies involved here extends coverage to the named insured when he drives a car other than his own and also to any other person when driving the car of the named insured. For that reason there will be dual insurance when an accident is caused by a person not driving his own car and both the driver and the owner are insured under a standard policy. Clearly the excess provision of the 'other insurance' clause is intended to show how the loss should be borne in this frequently recurring situation. It is impossible, and could not have been intended, that the excess provision would govern with respect to the insurance of the driver and that at the same time the prorate provision would control with respect to the insurance of the owner because proration of the loss and treating the driver's insurance as excess over the insurance of the owner obviously lead to inconsistent results. The only construction of the 'other insurance' clause under which both its parts will be meaningful is that the *excess* provision alone controls in every situation which falls within its terms, such as when a person is driving the car of another and both the driver and the owner have insurance, and that the

*prorate* provision alone governs in all other situations, for example, when more than one policy has been issued to the same person. When the driver's insurance is excess, it necessarily follows that the insurance of the owner is primary, and therefore the owner's insurer must bear the entire loss to the extent of the limits of the policy.''

It follows that the policy of Lumbermens Insurance Company is primary and the policy of the Motorists Mutual Insurance Company is excess coverage. It was error not to have so declared.

*Judgment reversed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT and SCHNEIDER, JJ., concur.