OHIO FARMERS INS. CO., APPELLEE, *v.* OHIO CASUALTY INS. CO. ET AL.; ZURICH-AMERICAN INS. CO., APPELLANT.

(No. 347—Decided June 14, 1971.)

*Mr. Edward J. Utz*, for appellee

*Messrs. Rendigs, Fry, Kiely & Dennis* and *Mr. John A. Kiely*, for appellant.

SHANNON, J. This is an appeal upon questions of law from a judgment of the Court of Common Pleas of Warren County.

The case was tried without the intervention of a jury upon an agreed statement of facts to determine questions relating to coverage by insurance policies, the parties agreeing to defer the resolution of other issues pending such decision.

Essentially, the facts are these. On November 10, 1962, one Hewitt P. Mulford borrowed a station wagon from Bertsche Chevrolet, Inc., the owner of such vehicle, to transport wedding guests from a parking lot adjacent to Mulford's place of business to his home. There was no consideration involved, the bailment being completely gratui-

tous. Mulford hired Orion Jones, defendant-appellee, to drive the station wagon and while transporting guests he was involved in a collision with Edmond Eugene Brown, defendant-appellee, as a result of which parked automobiles were damaged.

The Ohio Farmers Insurance Company was the insurer of Orion Jones and of Bertsche Chevrolet, Inc. The Zurich-American Insurance Company was the insurer of Hewitt P. Mulford, doing business as Mulford's City Beautiful, Hewitt P. Mulford, Hewitt P. Mulford and Company and Mulford Brothers Company.

The Ohio Farmers Insurance Company policy indemnified Orion Jones while he was driving a "non-owned" vehicle. That company's policy as it related to the station wagon owned by Bertsche Chevrolet, Inc., afforded coverage to any other person using that owned vehicle "only if no other valid and collectible automobile liability insurance either primary or excess, with limits of liability at least equal to the minimum limits specified by the financial responsibility law of the state in which the automobile is principally garaged, is available to such person."

The Zurich-American Insurance Company policy contained these provisions:

"Coverage B—Property Damage Liability-Automobile. To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of property, including the loss of use thereof, caused by accident and arising out of the ownership, maintenance or use of any automobile."

"III. Definition of Insured. The unqualified word 'insured' includes the named insured and also includes * * * and (2) under coverages A and B, any person while using an owned automobile or a hired automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission, and any executive officer of the named insured with respect to the use of a non-owned automobile in the business of the named insured."

The trial court found in favor of Ohio Farmers Insurance Company, and ordered Zurich-American Insurance Company to defend Orion Jones and to pay any judgment that may be rendered against Orion Jones, arising out of the incident set forth in the petition.

Since the decision of the case below and the taking of an appeal from the judgment, the Ohio Supreme Court decided *State Farm Ins. Co.* v. *Home Indemnity Ins. Co.* (1970), 23 Ohio St. 2d 45.

Zurich-American Insurance Company urges that by virtue of the *State Farm* case, *supra,* Ohio has joined the courts of a majority of the states and has adopted the rule of thumb that insurance follows the car. See 7 American Jurisprudence 2d 542, Automobile Insurance, Section 200.

There is, however, a dissimilarity in the factual situation in *State Farm, supra,* and that in the case before us.

The Supreme Court was confronted by one policy, that of State Farm, containing an "excess" provision, and another, that of Home Indemnity, with a "no liability" or "escape" clause.

We have before us a policy, that of Ohio Farmers, with an "excess" provision, but the policy issued by Zurich-American does not contain an "escape" clause.

Can we, then, employ the rationale of *State Farm, supra,* to resolve the issue here? It is conceded that if Mulford or any of the other named insureds had been operating the station wagon there would be coverage under the Zurich-American policy, and that the omnibus provision quoted above affords coverage to any person while using an automobile owned or hired by a named insured with the consent of a named insured.

In the opinion in *State Farm, supra,* at page 47, Justice Schneider states:

"The 'excess' clause concedes no basic or primary liability on the part of the (State Farm) policy of which it is a part. It simply limits liability to the excess over other collectible insurance. But before the policy can ride as excess insurance, the other policy must be made to walk as primary insurance. Can it?

*"The 'escape' insurance proviso* of the other (Home Indemnity) policy *is innately obligatory.* [Emphasis ours.] We construe it as if it read that its policy would insure the loss 'but only if *either no* other valid and collectible *primary* automobile insurance *or no* other valid and collectible *excess* automobile insurance is available to the insured.' "

Therefore, the policy of Ohio Farmers, here, affords coverage unless the Zurich-American policy "can be made to walk as primary insurance" because the owner's policy (Ohio Farmers) is "innately obligatory."

Does the policy of Zurich-American afford primary coverage? Unquestionably it does if the station wagon is held to have been hired. Therefore, we must determine the meaning of the word "hired" as used in that contract.

The opinion in *Burns v. Employers' Liability Assurance Corp.*, 134 Ohio St. 222, at page 230, quotes this language in *New Amsterdam Casualty Co.* v. *Johnson*, 91 Ohio St. 155:

"In construing the language of an insurance policy it has been universally and properly held that the words of limitation should be most favorably construed in behalf of the insured and against the company.

"This does not mean, however, that a strained, unnatural and forced meaning should be given words or phrases, but rather the everyday meaning which must have been plainly in the minds of the contracting parties."

Ballentine's Law Dictionary defines "hire" as:

"The price agreed to be paid for the use of an article of personal property."

In Webster's New International Dictionary, Second Edition, Unabridged, we find these definitions of "hire":

"To grant the temporary use of for compensation; to engage to give the service of, for a price * * *."

Certainly, hiring is a species of bailment, and a characteristic of it is that it is not gratuitous.

A bailment for hire, or mutual benefit bailment, may arise by operation of law or by express contract, and exists where personal property is delivered by an owner to another for the benefit of such other person, who agrees

174

that the property shall be returned to the owner after its use, the owner receiving some compensation or benefit for such use. 7 Ohio Jurisprudence 2d 112, Bailments, Section 6.

A gratuitous bailment is one without compensation. 7 Ohio Jurisprudence 2d 110, Bailments, Section 4.

Upon the agreed statement of facts before us, we are constrained to hold that the station wagon was not hired, the bailment, by stipulation, having been gratuitous.

In the opinion in *State Farm Ins. Co.* v. *Home Indemnity Ins. Co., supra,* at page 48, it is pointed out that while the conflict between provisions in the contracts in that case was different than that before the Supreme Court in *Motorists Mutual Ins. Co.* v. *Lumbermens Mutual Ins. Co.* (1965), 1 Ohio St. 2d 105, the rationale of the cases, if not identical, was similar.

At page 107 of the opinion in *Motorists Mutual, supra,* we find this quotation:

" 'The rule of thumb that insurance on the car is primary—that on the driver is excess has been long recognized by most insurance companies. To use a shorter term —insurance follows the car.' "

We do not believe that the Zurich-American policy "can be made to walk as primary insurance." Therefore, since the rationale of *Motorists Mutual, supra,* and *State Farm, supra,* are similar, the "insurance follows the car," the owner's policy being "innately obligatory," we must reverse the judgment of the Court of Common Pleas of Warren County. Further, we order that Ohio Farmers Insurance Company, plaintiff-appellee, provide coverage for Orion Jones, defendant-appellee, and remand this cause for further proceedings according to law.

*Judgment reversed.*

HESS, P. J., concurs.

HILDEBRANT, J., not participating.