SUTTON, APPELLEE, *v.*
SPENCER ET AL., APPELLANTS.

(Nos. 54896 and 54924—Decided
January 3, 1989.)

*John E. Duda,* for appellee.
*Meyers, Hentemann, Schneider &*
*Rea Co., L.P.A.,* and *Lynn A. Lazzaro,*
for appellant State Farm.
*Weston, Hurd, Fallon, Paisley &*
*Howley* and *Donald H. Switzer,* for ap-
pellant Motorists Mutual.
*David J. Goodwin,* for Robert
Graham.

NAHRA, J. The issue to be decided
in this case is whether a professional
car wash employee who drives a
customer's automobile in the course
and scope of his employment is "ser-
vicing" that vehicle. We hold that he is
and are therefore reversing the judg-
ment of the trial court and entering
judgment for appellants.

An employee of Hand Auto Wash
was involved in a collision with ap-
pellee while driving a customer's car.[1]
Appellee filed suit against the car wash
employee, the customer, and Earl
Williams, the alleged owner of Hand
Auto Wash. The employee was insured
by Motorists Insurance Companies;
the customer was insured by State
Farm Mutual Automobile Insurance
Company; and it is unknown whether
the car wash was insured.

The trial court granted appellee's
motion to voluntarily dismiss the
customer with prejudice and granted
appellee's motion for a default judg-
ment against the alleged owner of the
car wash. The car wash employee ad-
mitted liability and appellee agreed not
to execute judgment against the
employee's personal assets. Finally, on
the evidence, testimony of witnesses
and exhibits, the court entered judg-
ment for $20,000 against the employee
and the car wash owner.

Appellee then filed a supplemental
petition pursuant to R.C. 3929.06
against Motorists and State Farm to
collect the $20,000 judgment. Appellee
moved for summary judgment con-
tending the policies' exclusionary pro-
visions for servicing automobiles were
ambiguous and therefore inapplicable.
The trial court granted appellee's mo-
tion and later amended its entry to
state that State Farm would be liable
for the first $20,000 of the judgment
before Motorists would be obligated to
contribute. The insurance companies
appealed.

I

Motorists' assignments of error[2]
and State Farm's first four assign-

employee was a permissive user of the
customer's automobile at the time of the ac-
cident.

[1] The parties do not dispute whether
the employee was acting in the course and
scope of his employment or whether the

[2] "I. The trial court erred in granting
plaintiff's motion for partial summary judg-
ment as the automobile liability policy of ap-

ments of error[3] challenge the trial court's interpretation of their insurance policies' exclusionary clauses governing the "servicing" of vehicles. The relevant portion of State Farm's policy provides:

"When Coverage A [Liability] Does Not Apply

"* * *

"THERE IS NO COVERAGE:

"1. WHILE ANY VEHICLE INSURED UNDER THIS SECTION IS:

"* * *

"b. BEING REPAIRED, SERVICED OR USED BY ANY PERSON EMPLOYED OR ENGAGED IN ANY WAY IN A CAR BUSINESS."

The policy defines a "car business" as "a business or job where the purpose is to sell, lease, repair, service, transport, store or park land motor vehicles or trailers." The pertinent portion of Motorists' policy provides:

"EXCLUSIONS

"A. We do not provide Liability Coverage for any person:

"* * *

"6. While employed or otherwise engaged in the business or occupation of:

"a. selling;

"b. repairing;

"c. servicing;

"d. storing;

---

pellant Motorists Insurance Companies, excluded coverage for the accident and claims which were the subject of the plaintiff's supplemental complaint.

"II. The trial court erred in overruling defendant, Motorists Mutual Insurance Company's cross-motion for summary judgment as the automobile liability policy of appellant, Motorists Insurance Companies, excluded coverage for the accident and claims which were the subject of the plaintiff's supplemental complaint.

"III. The trial court erred in not finding that an exclusion in the automobile liability policy of Motorists Insurance Companies which excluded coverage for accidents occurring while any person is employed or otherwise engaged in the business or occupation of servicing vehicles did not include professional car washers.

"IV. The trial court erred in finding that an employee of a professional car washer who, while driving a customer's automobile while acting within the course and scope of his employment, was involved in an automobile accident, was entitled to coverage from his personal automobile liability policy for claims arising out of the accident even though the policy excluded coverage for persons employed in the business or occupation of servicing vehicles."

[3] "I. The trial court erred in granting plaintiff's motion for partial summary judg-

ment as the automobile liability policy of appellant State Farm Mutual Automobile Insurance Company, excluded coverage for the accident and claims which were the subject of the plaintiff's supplemental complaint.

"II. The trial court erred in overruling defendant, State Farm Mutual Automobile Insurance Company's cross-motion for summary judgment as the automobile liability policy of appellant, State Farm Mutual Automobile Insurance Company's [sic], excluded coverage for the accident and claims which were the subject of the plaintiff's supplemental complaint.

"III. The trial court erred in not finding that an exclusion in the automobile liability policy of State Farm Mutual Automobile Insurance Company which excluded coverage for accidents occurring while any motor vehicle is being serviced by any person engaged in any way in a car business did not include the washing of a vehicle by a professional car washer.

"IV. The trial court erred in finding that an employee of a professional car washer who, while driving a customer's automobile while acting within the course and scope of his employment, was involved in an automobile accident, was entitled to coverage from the vehicle owner's policy even though the policy contained an exclusion for coverage of accidents while any motor vehicle is being serviced by any person engaged in any way in a car business."

"e. parking;

"vehicles designed for use mainly on public highways. This includes road testing and delivery."

Appellee maintains that these exclusions are unclear and ambiguous and therefore should be construed liberally in her favor.

When called upon to interpret insurance contracts a court is required to construe provisions strictly against an insurer only when the provisions are ambiguous. See *Dairyland Ins. Co.* v. *Finch* (1987), 32 Ohio St. 3d 360, 513 N.E. 2d 1324; *Olmstead* v. *Lumbermens Mut. Ins. Co.* (1970), 22 Ohio St. 2d 212, 51 O.O. 2d 285, 259 N.E. 2d 123. Otherwise, undefined words used in an insurance policy are to be given their common meaning unless an absurdity results. See *King* v. *Nationwide Ins. Co.* (1988), 35 Ohio St. 3d 208, 519 N.E. 2d 1380.

The terms "servicing" vehicles or vehicles being "serviced" are not ambiguous and clearly include the exterior maintenance of the automobile as well as maintenance of the internal operations. When a vehicle is being cleaned it is being serviced, just as if it were being rustproofed, oiled or painted. It would indeed be unreasonable to interpret the word "servicing" as including only one type of maintenance and not another.

"Servicing" is commonly defined as "perform[ing] services for * * * as * * * to repair or provide maintenance for * * *." Webster's Third New International Dictionary (1986) 2075. "Maintenance" is commonly defined as "the labor of keeping something * * * in a state of repair or efficiency: care, upkeep * * *." *Id.* at 1362. In this geographical area where salt is the predominant method of snow removal, washing a vehicle is certainly necessary to maintain the vehicle. Pro-

viding upkeep of the exterior of a vehicle by washing constitutes servicing the vehicle. It would be unduly burdensome to require insurance companies to explain in detail every word, phrase or sentence of an insurance policy as a prerequisite to their efficacy. *Hedrick* v. *Motorists Mut. Ins. Co.* (1986), 22 Ohio St. 3d 42, 44, 22 OBR 63, 65, 488 N.E. 2d 840, 842.

Accordingly, these assignments of error are sustained.

## II

State Farm has raised the following additional assignment of error:

"The trial court erred in granting defendant/appellee [*sic*] Motorists' motion to amend the judgment entry of June 12, 1985, which amendment effectively found the appellant State Farm Mutual Automobile Insurance Company's policy of insurance to be primary."

This assignment has been rendered moot by our disposition of State Farm's other assigned errors. However, App. R. 12(A) requires us to render an opinion in dicta. After reviewing the policy language in issue, we conclude that State Farm's policy is primary. *Motorists Mut. Ins. Co.* v. *Lumbermens Mut. Ins. Co.* (1965), 1 Ohio St. 2d 105, 30 O.O. 2d 428, 205 N.E. 2d 67. Accordingly this assignment of error is overruled.

The judgment of the trial court is reversed and judgment is hereby rendered for appellants.

*Judgment reversed.*

ANN MCMANAMON, P.J., and PARRINO, J., concur.

THOMAS J. PARRINO, J., retired, of the Eighth Appellate District, sitting by assignment.