DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Allstate Insurance Company ("Allstate"), appeals from the judgment of the trial court granting summary judgment in favor of the appellee, G.R.E. Insurance ("GRE"). We affirm.
Daniel Baskin was injured in a car accident on November 19, 1993. He was a passenger in the 1986 Honda driven by Christopher J. Passalaqua and owned by Christopher's father, Anthony Passalaqua. Anthony had given Christopher permission to drive his Honda. Allstate's liability insurance coverage was exhausted by the settlement to third parties. As a third party, Daniel Baskin received $30,000 from Allstate. Because this amount did not cover all the damages and injuries sustained by Baskin, Baskin sought uninsured/underinsured amounts from Allstate and GRE.
The Allstate policy covers the 1986 Honda, Anthony Passalaqua, and Christopher Passalaqua. The policy further defines "an additional insured person" as (1) any other person occupying, but not operating, an insured auto, and/or (2) any other person who is legally entitled to recover because of bodily injury to a person occupying, but not operating, an insured auto. The policy specifies that "[a]n additional insured person shall be insured only to the extent that the limits of liability for Coverage SS under this policy exceed the limits for similar coverage under any other policy." The fact that Daniel Baskin is an "additional insured" is stipulated in Paragraph G of the Stipulations filed by Allstate and GRE. The Other Insurance provision of the Allstate policy provides the following:
 If the insured person sustaining bodily injury was occupying a vehicle you do not own which is insured for this coverage under another policy, this coverage will be excess. * * * If more than one policy applies to the accident on a primary basis, the total benefits payable to any one person will not exceed the maximum benefits payable by the policy with the highest limit for uninsured motorists coverage.
Allstate's underinsured coverage limit is $100,000 per person/$300,000 per occurrence.
The GRE policy covers Daniel Baskin's parents' car, Baskin's parents, and Baskin when he drives his parents' car. GRE's Other Insurance provision provides:
 If there is other applicable similar insurance on a loss covered by this Part, we will pay only that proportion of the loss that our limit of liability bears to the total limits of all applicable similar insurance. Insurance afforded under this Part for a vehicle you do not own is excess over any other applicable similar insurance.
GRE's underinsured coverage limit is a single limit of $500,000.
Allstate and GRE stipulated to the following:
 Allstate's business consisted in part of providing automobile insurance coverage to Christopher Passalaqua in the form of split limit coverage in the amount of One Hundred Thousand Dollars ($100, 000) — Three Hundred Thousand Dollars ($300,000) which included liability and uninsured motorist protection. * * * GRE's business consisted in part of providing automobile insurance coverage to Daniel Baskin in the form of single limit coverage in the amount of Five Hundred Thousand Dollars ($500,000) which included uninsured/underinsured motorists protection. * * * Daniel Baskin is listed as a driver under the GRE policy. Daniel Baskin is a family member (son) of the Baskins, who was a resident of the Baskins' household. Therefore, Daniel Baskin is an insured under the GRE uninsuredmotorist, underinsured motorist coverage. * * * Daniel Baskin is an additional insured under the Allstate Uninsured Motorists Insurance coverage as the term is defined in the Allstate policy issued to Anthony Passalacqua by virtue of the fact that Daniel Baskin was a passenger in the Passalacqua vehicle driven by Christopher Passalacqua. Daniel Baskin is an insured under both the Allstate and GRE policies. None of the vehicles described in the GRE policy were involved in the automobile collision that is hereafter described.
The trial court held the following:
 Allstate's policy reads, in pertinent part, that an additional insured shall be insured only to the extent that the limits of liability under the policy "exceed the limits of liability for similar coverage under any other policy (* * *)." GRE's policy is not similar. GRE's uninsured/underinsured motorists coverage, the section entitled "Other Insurance," provides that: "if there is other applicable similar insurance on a loss covered by this Part, we will pay only that proportion of the loss that our limit of liability bears to the total limits of all applicable similar insurance. Insurance afforded under this Part for a vehicle you do not own is excess over any other applicable similar insurance." Accordingly, GRE's reliance on Nationwide Mutual Insurance Co. v. Robb
(Apr. 24, 1996), Summit App. No. 17115, unreported, is directly on point. GRE's policy states that it is excess coverage for a vehicle not owned by its insured — Baskin. It does not provide coverage "similar" to Allstate's primary coverage of the vehicle Baskin was occupying at the time of the collision. As such, this Court finds that Allstate's insurance coverage is primary and, therefore, it must be exhausted before Plaintiff can access GRE's policy should Plaintiff's damages be found to exceed $30,000. Declaratory judgment is hereby rendered in favor of GRE.
Allstate timely appeals the judgment of the trial court and raises two assignments of error.
ASSIGNMENT OF ERROR I
 The trial court erred in determining that the Allstate coverage afforded to Daniel Baskin and the G.R.E. coverage afforded to Daniel Baskin [were] not similar.
ASSIGNMENT OF ERROR II
 The Court incorrectly applied the law found in Nationwide Mutual Insurance Company v. Robb (Apr. 24, 1996), Summit App. No. 17115, unreported when it should have applied the law found in Buckeye Union Insurance Co. v. State Auto Mutual Insurance Co. (1977), 49 Ohio St.2d 213.
Because Allstate's two assignments of error relate to what legal standard should be applied to the insurance policies, we will address the two assignments together. Allstate contends that the trial court erred by granting summary judgment in favor of GRE. We disagree.
Pursuant to Civ.R. 56(C), summary judgment is proper if it can be established that (1) no genuine issues of material fact exist to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds could come to only one conclusion. State ex rel Howard v. Ferreri (1994),70 Ohio St.3d 587, 589. Doubts must be resolved in favor of the nonmoving party. Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679,686. We review the trial court's entry of summary judgment de novo. Pennsylvania Lumbermens Ins. Corp. v. LandmarkElec., Inc. (1996), 110 Ohio App.3d 732, 743.
In the case at bar, the facts are undisputed. Nonetheless, Allstate and GRE disagree about what law should be applied. Allstate avers that because its policy contains an excess clause, Ohio law governing excess clauses in two insurance policies should apply. GRE, in contrast, argues that because Allstate is the primary insurer, Ohio law supports upholding GRE's excess clause.
Allstate's policy does possess an excess clause in its Other Insurance Provision. However, this clause is only applicable when the injured person occupies a vehicle not owned by the policyholder. Baskin occupied a vehicle owned by an Allstate policyholder. The pro rata clause, not the excess clause, of Allstate's Other Insurance provision applies to the case at bar. The Supreme Court of Ohio has held:
 Where one insurer insures against a loss and provides that it shall not be liable for a greater proportion of the loss than the applicable limit of liability stated in its declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss, and another insurer insures against he same loss and additionally provides that such insurance shall be excess insurance over any other valid and collectible insurance available to its insured, effect should be given to the latter provision, and the first insurer should be held to be the primary insurer.
Motorists Mutual Ins. Co. v. Lumbermens Mutual Ins. Co. (1965),1 Ohio St.2d 105, syllabus. As the primary insurer, Allstate's other insurance coverage should be exhausted first.
We find that the trial court properly granted summary judgment in favor of GRE. Allstate's assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellants.
 Exceptions. _________________________________ LYNN C. SLABY, FOR THE COURT
BAIRD, J.
MILLIGAN, J., CONCUR
(Milligan, J., retired Judge of the Fifth District Court of Appeals, sitting by assignment pursuant to Article IV, § 6(C), Constitution.)