[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY
This cause is an accelerated appeal from the Clermont County Court of Common Pleas in which the trial court granted a motion for declaratory judgment filed by defendant-appellee, Nationwide Insurance Company. Nationwide's insured, Donna Kinney, was a passenger in a car insured by defendant-appellant, the Progressive Corporation, when the car was rear-ended by an uninsured motorist. The parties agreed that the uninsured motorist provisions of both Nationwide's and Progressive's insurance policies covered Kinney, but disagreed as to the allocation of damages under the policies. The trial court held that Progressive's policy became the primary insurance because it contained conflicting "other insurance" and "pro rata" clauses within its coverage, while Nationwide's policy covered only the excess.
In a single assignment of error, Progressive claims that the trial court erred in applying the rule of Motorists Mutual Ins. Co. v.Lumbermens Mutual Ins. Co. (1965), 1 Ohio St.2d 105, and holding that it was the primary insurer so that its "other insurance" coverage should be exhausted before Nationwide became liable under its excess insurance provision. Progressive argues that the correct result is that it and Nationwide share the damages in proportion to the amount of insurance provided up to each policy's limits under the rule of Buckeye Union Ins.Co. v. State Automobile Mutual Ins. Co. (1977), 49 Ohio St.2d 213.
Since both the excess insurance and pro rata clauses in Progressive's policy apply to these facts and are inconsistent with one another, the insurer is bound by the provision most favorable to the insured and beneficiaries. See Boyle v. Great West Life Assurance Co. (1985),27 Ohio App.3d 85, 89. The outcome most favorable to Kinney is the application of the rule in Lumbermens Mutual, 1 Ohio St.2d 105. Under that rule, Progressive's "other insurance" clause is enforced instead of its pro rata clause so that Progressive becomes the primary insurer and exhausts its excess insurance clause before Nationwide becomes liable under its own excess insurance clause. The trial court properly applied this rule.
Progressive's assignment of error is overruled. The trial court's ruling granting declaratory judgment in favor of Nationwide is affirmed.
Pursuant to App.R. 11.1(E), this entry shall not be relied upon as authority and shall not be published in any form.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.
Costs to be taxed according to App.R. 24.
William W. Young, Presiding Judge, James E. Walsh, Judge, Stephen W. Powell, Judge.