DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant Allstate Insurance Company appeals from the Summit County Court of Common Pleas, which granted summary judgment to Appellee Westfield Insurance Company. This Court affirms.
 {¶ 2} Myron R. Elzy caused an automobile collision that injured Marc and Zonda Cuffman. Mr. Elzy had no insurance. Mr. and Mrs. Cuffman had an automobile insurance policy for their own cars with Appellee. However, at the time of the collision, Mr. Cuffman was driving a car owned by Mitch Walmsley. Mrs. Cuffman was a passenger. Mr. Walmsley had an automobile insurance policy for this car with Appellant. The Cuffmans sued and sought to recover damages from Appellee and Appellant under the policies' uninsured motorist provisions. Appellee cross-claimed against Appellant and sought a judicial declaration that Appellant's policy would cover the Cuffmans. Appellee moved for summary judgment on this issue and Appellant reciprocated with a counter motion.
 {¶ 3} Based on a review of the two policies, the trial court found that Appellant was the primary insurer for the Cuffmans' uninsured motorist claim, and the anti-stacking provision relieved Appellee of any insurance obligation. The court granted Appellee's motion and denied Appellant's motion. Appellant appealed to this Court, alleging a single assignment of error.
"THE TRIAL COURT ERRED IN ITS DECISION GRANTING A DECLARATORY JUDGMENT IN FAVOR OF WESTFIELD INSURANCE COMPANY, DECLARING THE INSURANCE COVERAGE ISSUED BY APPELLANT, ALLSTATE INSURANCE COMPANY, TO BE PRIMARY FOR THE CLAIMS AT ISSUE IN THIS ACTION, TO APPELLANT'S PREJUDICE."
 {¶ 4} Appellate courts review decisions on summary judgment de novo, resolving any doubt in favor of the non-moving party.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. Summary judgment is proper if there is no genuine dispute of a material fact so that the issue is a matter of law and reasonable minds could come to but one conclusion, that being in favor of the moving party. Civ.R. 56(C); Temple v. Wean United, Inc.
(1977), 50 Ohio St.2d 317, 327.
 {¶ 5} Based upon our review of the record and the briefs, we find neither the facts nor the law to be in genuine dispute. We are called upon to construe the language of the two insurance policies to determine which policy assumes the primary obligation under the circumstances of this case. See Progressive Ins. Co.v. Allstate Ins. Co. (June 19, 1998), 11th Dist. No. 97-A-0039, *4, citing Motorists Mut. Ins. Co. v. Lumbermens Mut. Ins. Co.
(1965), 1 Ohio St.2d 105. See, also, Baskin v. Allstate Ins.Co. (June 17, 1998), 9th Dist. No. 18653, *3. After conducting a de novo review of the two policies, this Court reaches the same conclusion as the trial court on the same bases. We construe Appellant's policy as affording primary coverage, Appellee's policy as affording only excess coverage, and the anti-stacking language as excusing Appellee from any obligation. See, e.g., R.C. 3937.18(F). Accordingly, Appellant's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Whitmore, P.J. Moore, J. Concur.