OPINION
{¶ 1} Defendant-appellant, Shaun Ahmad, appeals a decision of the Warren County Court of Common Pleas granting summary judgment in favor of intervening plaintiff-appellee, Progressive Casualty Insurance Company, after finding that appellant was excluded from *Page 2 
coverage under the terms of his automobile insurance policy with appellee.
 {¶ 2} Appellant "details" automobiles for various people to supplement his income as a server at a restaurant. On August 23, 2004, appellant was driving a vehicle on East Mill Street in the city of Springboro in Warren County, Ohio, when he collided with a vehicle driven by Laurel Fugate. As a result of the collision, Laurel sustained bodily injuries and property damage.
 {¶ 3} At the time of the accident, appellant was driving a Mercedes Benz owned by Marybeth Odorizzi, who had hired appellant to detail her vehicle. More specifically, he was driving to a friend's house to pick up a buffing pad to buff out some scratches on the exterior of Odorizzi's Mercedes. Appellant had an automobile insurance policy with appellee at the time the collision occurred.
 {¶ 4} On August 23, 2005, Laurel and her husband, Roy Fugate, filed a complaint against appellant, alleging that the accident was the result of appellant's negligence. The Fugates also named their insurer, Grange Mutual Insurance Company, as a defendant in the action, claiming that as a result of the accident, they were entitled to uninsured/underinsured motorist coverage under their policy with Grange.
 {¶ 5} In November 2005, appellee moved to intervene in the action as a party plaintiff, and its motion was granted. In May 2006, appellee moved for summary judgment against appellant on the ground that the policy between the parties excluded coverage for "bodily injury or property damage arising out of an accident involving a vehicle or trailer while being used by a person while employed or engaged in the business of * * * servicing * * * vehicles." Appellant and Grange filed motions in opposition, arguing that appellee had a duty to defend, indemnify or otherwise provide coverage to appellant.
 {¶ 6} On September 1, 2006, the trial court issued a decision and entry finding that the policy exclusion cited by appellee barred appellant from receiving coverage under the *Page 3 
policy and, therefore, appellee was entitled to summary judgment.
 {¶ 7} Appellant now appeals, raising two assignments of error:
 {¶ 8} Assignment of Error No. 1:
 {¶ 9} "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT AGAINST [APPELLANT] WHEN THE POLICY LANGUAGE AT ISSUE FAILED TO SPECIFICALLY LIST `DETAILING' AS AN EXCLUDED ACTIVITY."
 {¶ 10} Appellant argues that the trial court erred in granting appellee summary judgment because the parties' policy does not define the term "service" and does not expressly list detailing a vehicle as an excluded activity. We disagree with this argument.
 {¶ 11} An appellate court reviews a trial court's decision granting summary judgment de novo. Burgess v. Tackas (1998), 125 Ohio App.3d 294,296. Summary judgment is to be granted only when (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to summary judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and that conclusion is adverse to the nonmoving party, who is entitled to have the evidence construed most strongly in his or her favor. WelcoIndustries, Inc. v. Applied Cos., 67 Ohio St.3d 344, 346, 1993-Ohio-191.
 {¶ 12} "An insurance policy is a contract whose interpretation is a matter of law." Cincinnati Ins. Co. v. CPS Holdings, Inc.,115 Ohio St.3d 306, 2007-Ohio-4917, ¶ 7, quoting Sharonville v. Am. Emps. Ins.Co., 109 Ohio St.3d 186, 2006-Ohio-2180, ¶ 6. "When confronted with an issue of contractual interpretation, the role of a court is to give effect to the intent of the parties to the agreement." Cincinnati Ins.Co., citing Hamilton Ins. Serv., Inc. v. Nationwide Ins. Cos.,86 Ohio St.3d 270, 273, 1999-Ohio-162.
 {¶ 13} The insurance contract must be examined as a whole, and a court will presume that the intent of the parties is reflected in the language used in the policy. Cincinnati Ins. *Page 4 Co., citing Kelly v. Med. Life Ins. Co. (1987), 31 Ohio St.3d 130, paragraph one of the syllabus. A court must look to "the plain and ordinary meaning of the language used in the policy unless another meaning is clearly apparent from the contents of the policy."Cincinnati Ins. Co., citing Alexander v. Buckeye Pipe Line Co. (1978),53 Ohio St.2d 241, paragraph two of the syllabus. "When the language of a written contract is clear, a court may look no further than the writing itself to find the intent of the parties." Cincinnati Ins.Co. A contract is unambiguous as a matter of law if it can be given a definite legal meaning. Id., citing Gulf Ins. Co. v. Burns Motors,Inc. (Tex. 2000), 22 S.W.3d 417, 423.
 {¶ 14} "Ambiguity in an insurance contract is construed against the insurer and in favor of the insured." Cincinnati Ins. Co. at ¶ 8, citingKing v. Nationwide Ins. Co. (1988), 35 Ohio St.3d 208, syllabus. However, "[t]his rule * * * will not be applied so as to provide an unreasonable interpretation of the words of the policy." Cincinnati Ins.Co., citing Morfoot v. Stake (1963), 174 Ohio St. 506, paragraph one of the syllabus.
 {¶ 15} Appellant's policy with appellee contains a provision excluding from coverage "bodily injury or property damage arising out of an accident involving a vehicle or trailer while being used by a person while employed or engaged in the business of selling, leasing, repairing, parking, storing, servicing, delivering, or testing vehicles." (Emphasis added.)
 {¶ 16} In Sutton v. Spencer (1989), 56 Ohio App.3d 147, the court was asked to consider whether an automobile insurance policy that excluded coverage for vehicles being "serviced," excluded coverage for damages to a vehicle that had undergone an exterior cleaning. Id. at 147-149. In concluding that coverage was excluded under the terms of the policy, theSutton court stated:
 {¶ 17} "The terms `servicing' vehicles or vehicles being `serviced' are not ambiguous and clearly include the exterior maintenance of the automobile as well as maintenance of the internal operations. When a vehicle is being cleaned it is being serviced, just as if it were *Page 5 
being rustproofed, oiled or painted. It would indeed be unreasonable to interpret the word "servicing" as including only one type of maintenance and not another.
 {¶ 18} "`Servicing' is commonly defined as `performing] services for * * * as * * * to repair or provide maintenance for * * *.' Webster's Third New International Dictionary (1986) 2075. `Maintenance' is commonly defined as `the labor of keeping something * * * in a state of repair or efficiency: care, upkeep * * *.' Id. at 1362. In this geographical area where salt is the predominant method of snow removal, washing a vehicle is certainly necessary to maintain the vehicle. Providing upkeep of the exterior of a vehicle by washing constitutes servicing the vehicle." Sutton, 56 Ohio App.3d at 149.
 {¶ 19} Appellant argues that Sutton is distinguishable from the case before us, because the Sutton court found that washing a car constituted "exterior maintenance," which the court determined was included in the definition of service. Appellant contends that, by contrast, detailing a vehicle involves "more than simply washing the car" and, therefore, is outside the ordinary meaning of "service." We find this argument unpersuasive.
 {¶ 20} Appellant testified that detailing a car included washing and waxing the vehicle, shampooing the vehicle's carpet, and cleaning the vehicle's seats. If washing the exterior of a vehicle is included in the term "servicing," see Sutton, then so too are the activities appellant performs in detailing a vehicle.
 {¶ 21} As to appellant's claim that summary judgment was improper because the exclusion did not specifically list "detailing a vehicle" as an excluded activity, we agree with the Sutton court that "[i]t would be unduly burdensome to require insurance companies to explain in detail every word, phrase or sentence of an insurance policy as a prerequisite to their efficacy." Id. at 149, citing Hedrick v. Motorists Mut. Ins.Co. (1986), 22 Ohio St.3d 42, 44.
 {¶ 22} Appellant's first assignment of error is overruled. *Page 6 
 {¶ 23} Assignment of Error No. 2:
 {¶ 24} "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT AGAINST [APPELLANT] WHEN IT HELD THAT [APPELLANT] WAS EMPLOYED OR ENGAGED IN A BUSINESS EXCLUDED UNDER THE POLICY LANGUAGE AT ISSUE."
 {¶ 25} Appellant argues that the trial court erred when it found, as a matter of law, that he was "employed or engaged in a business" for purposes of the exclusion at issue. We disagree with this argument.
 {¶ 26} The parties' insurance policy excludes coverage for bodily injury or property damage arising out of an accident involving a vehicle being used by a person while "employed or engaged in thebusiness of * * * servicing * * * vehicles." (Emphasis added.) The policy defines "business" as "a trade, profession, or occupation." "Trade" is commonly defined as "the business one practices or the work in which one engages regularly[.]" Webster's Third New International Dictionary (1993) 2421.
 {¶ 27} Appellant argues that he was not regularly engaged in the business of detailing cars but, instead, worked as a server at a restaurant to pay his bills. He acknowledges that he did detail cars "from time to time" but insists that detailing cars was not his "primary source of income." We find this argument unpersuasive.
 {¶ 28} The evidence clearly shows that appellant regularly details cars and, therefore, his work in doing so constitutes a "trade" and, thus, a "business" for purposes of the exclusion in question. See Webster's at 2421. For example, appellant admitted that Ms. Odorizzi had employed him on at least four occasions before the accident; he held himself out as "GS Detailing"; he possessed a customer base built by word-of-mouth; he charged a regular price for his services, generally, $130; and he gave receipts to any of his customers who asked for one. These facts establish that appellant is regularly engaged in the business or work of detailing cars. Id. *Page 7 
 {¶ 29} Appellant's second assignment of error is overruled.
 {¶ 30} Judgment affirmed.
 YOUNG, P.J. and WALSH, J., concur. *Page 1